IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IVAN R. POTTS, JR.,

    Plaintiff,

v().

OFFICER JASON DiPAOLA, et al.

    Defendants.

Civil Action No.:  GLR-20-2981

## **ORDER**

Pending before the Court is Plaintiff Ivan R. Potts, Jr.'s "Motion for Extension" (ECF No. 9), which the Court construes as a Motion for Reconsideration. The Court dismissed Potts' Complaint without prejudice on February 5, 2021, after Potts failed to actively prosecute this case in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. (ECF No. 8).

The Federal Rules of Civil Procedure include three Rules that permit a party to move for reconsideration. Rule 54(b) governs motions to reconsider interlocutory orders. See Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1469–70 (4th Cir. 1991). Rules 59(e) and 60(b) govern motions to reconsider final judgments. Id. Rule 59(e) controls when a party files a motion to alter or amend within twenty-eight days of the final judgment. Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). If a party files the motion later, Rule 60(b) controls. Id. Here, Potts submitted his Motion seventeen days after the Order dismissing the case. Accordingly, Rule 59(e) controls.

A federal district judge's power to grant a Rule 59(e) motion is discretionary. Robison v. Wix Filtration Corp., LLC, 599 F.3d 403, 411 (4th Cir. 2010). In general, granting a motion for reconsideration "is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). Furthermore, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT-08-501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

"Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." U.S. ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210–11 (4th Cir. 2017) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). Potts has not raised an intervening change in controlling law nor has he proffered new evidence for the Court's consideration.

With respect to the third factor, there must be more than simply a "mere disagreement" with a decision to support a Rule 59(e) motion. Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). "A 'factually supported and legally justified' decision does not constitute clear error." Jarvis v. Berryhill, No. TMD-15-2226, 2017 WL 467736, at *1 (D.Md Feb. 3, 2017) (quoting Hutchinson, 994 F.2d at 1081–82). As to the "manifest

injustice" standard, courts focus on whether there was fairness in the administrative process or a denial of due process. Id. (citing Kasey v. Sullivan, 3 F.3d 75, 79 (4th Cir. 1993)).

Here, Potts failed to include completed summons with his October 20, 2020 Complaint. Because Potts filed the Complaint with the full filing fee, he bore the responsibility for effecting service of process on Defendants. That process begins with a plaintiff providing the Court with completed summons forms, which the Court then returns to the plaintiff, enabling the plaintiff to effect service on all named defendants. Thus, on October 27, 2020, this Court issued an Order directing Potts to complete and file summons forms for each of the named Defendants. (ECF No. 2). The Clerk sent blank summons forms to Potts for this purpose. (Id.) Potts did not return completed summons as required by the Court's Order. The Court did not receive any notice indicating that its Order was not successfully mailed to Potts.

On December 8, 2020, this Court issued an Order directing Potts to show cause within twenty-eight days why this lawsuit should not be dismissed without prejudice for failure to effect service of process. (ECF No. 3). That period lapsed on January 5, 2021.

On December 29, 2020, the Court received notice that its December 8, 2020 Order, which it had mailed to Potts, was returned as undeliverable. (ECF No. 4). On January 11, 2021, Potts notified the Court of his new address. (ECF No. 5). Self-represented litigants are required to keep a current address on file with the Court precisely to avoid this circumstance. See Local Rule 102.1(b)(iii) (D.Md. 2018). Under the Local Rules, Potts' failure to do so warranted dismissal. Id.

On January 21, 2021, the Court issued an Order providing Potts one last chance to pursue this action by granting him fourteen days to submit completed summons forms and show cause why the Complaint should not be dismissed without prejudice for his failure to comply with the Court's previous Orders. (ECF No. 6). The Court enclosed with the Order the Court's previous two Orders and three blank summons forms.

On February 3, 2021, Paul Zukerberg, an attorney who represented Potts in a prior matter but who is not counsel of record in this case, submitted correspondence to the Court. (ECF No. 7). In his letter, Zukerberg notified the Court that Potts had not timely received the Court's January 21, 2021 Order and that Zukerberg was therefore submitting completed summons forms on Potts' behalf. Zukerberg enclosed three summons forms with his filing. (ECF No. 7-1). Even if the Court were to have permitted Zukerberg to engage in this quasi-representation, the summonses were deficient in that they failed to include the address to which Defendants are to serve their answer or motions.

Thus, the Court three times directed Potts to submit completed summonses to begin the process of litigating this case, and Potts three times failed to timely respond. "Although pro se litigants must be given a reasonable opportunity to prosecute meritorious actions, the district court is not required to litigate their claims for them." Conway v. Dep't of Army, 846 F.2d 70 (4th Cir. 1988) (citation omitted).

Potts asserts that he was unable to timely comply with the Court's Orders because (a) he was transferred to a different institution, causing a delay in his ability to respond; (b) the recent decline in the speed of mail delivery caused a delay in his receipt of the Court's Orders; and (c) he was infected for a period with the novel coronavirus and forced to

quarantine, further delaying his ability to prosecute his case. The Court is sympathetic to the challenges of litigating while incarcerated. To ensure fairness, however, all parties before the Court are required to play by the same rules. See Dancy v. Univ. of N.C. at Charlotte, No. 3:08-CV-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) ("[E]ven pro se litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'") (quoting Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989)). The Court provided Potts multiple opportunities to cure the deficiencies in his Complaint and he repeatedly failed to do so. Thus, the Court's decision to dismiss the Complaint did not constitute a clear error of law, nor is the Court compelled to vacate its Order to prevent manifest injustice. Accordingly, the Court will deny Potts' Motion for Reconsideration.

The Court notes, however, that it dismissed Potts' Complaint without prejudice. Potts is therefore empowered to refile his Complaint and enclose with it the required summons forms. See Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995) ("The 'without prejudice' condition permits a plaintiff to refile the complaint as if it had never been filed. Rule 4(j) does not, however, give the appellant a right to refile without the consequence of time defenses, such as the statute of limitations."); Rouhi v. CVS Pharmacy, No. RDB-19-0701, 2020 WL 1159018, at *2 (D.Md. Mar. 10, 2020) ("Dismissal was made without prejudice, thereby permitting Plaintiff an opportunity to refile her claims and correct the defects discussed by this Court.").

Accordingly, it is this 26th day of February, 2021, by the United States District Court for the District of Maryland, hereby ORDERED that:

5

1. Potts' "Motion for Extension" (ECF No. 9), which the Court construes as a Motion for Reconsideration, is DENIED; and

2. The Clerk is directed to MAIL a copy of this Order to Potts.

/s/
George L. Russell III
United States District Judge